UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOSE ANGUIANO-HERNANDEZ,<br><br>　　　　　　　　　　Petitioner,<br>　　v.<br><br>UNITED STATE OF AMERICA, et al.,<br><br>　　　　　　　　　　Respondents. | Case No. 2:13-cv-00926-MMD-CWH<br><br>ORDER |

This is a represented immigration habeas matter under 28 U.S.C. § 2241 (dkt. no. 1). Petitioner has also filed an emergency motion for stay of deportation (dkt. no. 2). The Court has reviewed the petition pursuant to the Rules Governing Habeas Cases, Rule 4 and finds that it must be dismissed.

According to the allegations of the petition, petitioner is a native and citizen of Mexico.[1] On January 3, 1989, petitioner was granted Temporary Lawful Permanent Resident status while his application for amnesty was being considered.

Apparently, in 1989 petitioner was convicted of vehicular manslaughter with gross negligence and sentenced to two years in prison in California. Notwithstanding that petitioner had an amnesty claim pending and had received Temporary Resident status, on June 12, 1990, an immigration judge found no relief from deportation, and entered an order of deportation. On July 12, 1990, petitioner returned to Mexico.

---

[1] In summarizing the allegations of the petition, the Court makes no findings of fact.

On March 1, 1993, however, petitioner was granted Lawful Permanent Resident status based on his amnesty application and issued a green card. On September 5, 1995, petitioner attempted to enter the United States at the border inspection station at Nogales, Arizona. He was paroled into the United States pending a determination of whether or not he was eligible for lawful admission. He was ultimately deported again on December 5, 1997, on the basis that he had been previously deported. Petitioner was subsequently located again in Las Vegas, Nevada in 2012 and the prior deport order was reinstated on October 15, 2012.

The present federal habeas petition is brought under 28 U.S.C. § 2241 exclusively against federal officials, including the United States Attorney General, the Secretary of the Department of Homeland Security, and two subordinate federal officials.

Petitioner challenges the current deportation order, arguing that the June 19, 1990, deportation order was obtained unlawfully and therefore reliance upon the defective deportation order for reinstatement constitutes a "gross miscarriage of justice." He seeks "a Stay of Deportation Order pending the outcome of the instant petition" (dkt. no. 1 at 20).

Pursuant to the REAL ID Act, 8 U.S.C. § 1252(a)(5) and (b), a federal district court does not have jurisdiction over a habeas petition seeking to challenge a removal order. *See, e.g.*, *Flores-Torres v. Mukasey*, 548 F.3d 708, 710-11 (9th Cir. 2008); *Iasu v. Smith*, 511 F.3d 881 (9th Cir. 2007). The exclusive method for obtaining judicial review of a final order of removal is through filing a petition for review in the Court of Appeals. *Id*. Because petitioner filed the present petition after the May 11, 2005, effective date of the above-cited jurisdictional provision, dismissal of the petition rather than transfer to the Court of Appeals is required where jurisdiction in the district court is absent. *E.g., Iasu*, 511 F.3d at 884 & 893.

Petitioner alleges that he has been deprived of his right to Due Process of Law, but in truth he seeks judicial review of the removal order. Here, the *relief* sought is an

2

order from the district court under § 2241 declaring that federal immigration officials may not lawfully remove petitioner from the United States and further staying the order pending such a determination. The district court does not have jurisdiction to grant such relief. The petition shall therefore be dismissed without prejudice for lack of jurisdiction.

IT IS THEREFORE ORDERED that the petition shall be DISMISSED without prejudice for lack of jurisdiction over the subject matter.

IT IS FURTHER ORDERED that petitioner's emergency motion for stay of deportation (dkt. no. 2) is DENIED.

IT IS FURTHER ORDERED that, to the extent that a certificate of appealability is required in this procedural context, a certificate of appealability is DENIED. Jurists of reason would not find the district court's dismissal of the petition for lack of jurisdiction over the subject matter to be debatable or incorrect.

IT IS FURTHER ORDERED, pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases, that the Clerk of Court shall serve a copy of the petition and this order upon respondents: (1) by having the United States Marshal, by the close of business on the date that this order is entered, deliver same to the United States Attorney for the District of Nevada or to the person designated thereby for acceptance of service; (2) by certified mail upon the Hon. Eric Holder, Attorney General of the United States, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001; and (3) by certified mail upon the Hon. Janet Napolitano, Secretary, United States Department of Homeland Security, Washington, D.C. 20528.

IT IS FURTHER ORDERED that counsel for respondents shall enter a notice of appearance, only, within ten (10) days of entry of this order. Thereafter, no response is required from respondents herein other than to respond to any orders by a reviewing court should an appeal be taken.

///

///

///

1    IT IS FURTHER ORDERED that the Clerk of Court shall enter final judgment accordingly, in favor of respondents and against petitioner, dismissing this action without prejudice for lack of jurisdiction over the subject matter.

DATED THIS 8th day of July 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE